UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MASSAMBA LO,

Petitioner,

v.

WARDEN,

Respondent.

CAUSE NO. 3:26-CV-1578-CCB-SJF

**OPINION AND ORDER**

Immigration detainee Massamba Lo, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Lo is a citizen of Senegal who entered the United States on a visitor visa in 2022. (ECF 7-1 at 6.) The visa expired in November 2022, but he remained in the United States. (*Id.*) In August 2026, he came to the attention of immigration officials when he was stopped by police in Indiana. (*Id.* at 9.) He was then taken into custody by Immigration and Customs Enforcement (ICE) agents in Indiana pursuant to an administrative warrant and removal proceedings were initiated against him. (*Id.* at 9-11.) He is being held at Miami Correctional Facility pending the conclusion of his removal proceedings. (ECF 1 at 2.) An immigration judge has ordered him removed to Senegal, and he is within the deadline to appeal to the Board of Immigration Appeals ("BIA"). (ECF 7-1 at 14-23.)

Mr. Lo had a custody redetermination hearing before an immigration judge, but the judge denied bond after concluding that he posed a flight risk. (*Id.* at 24-26.) He argues

that the judge relied on inaccurate information in making this decision, which denied him Due Process in violation of the Fifth Amendment. (ECF 1 at 3-4.) He seeks a new bond hearing or other relief the court deems "just and proper." (*Id.* at 4-5.)

In an order to show cause, the court directed the Warden to address the petition in light of *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026), and other cases concluding that the detention of noncitizens who are arrested within the interior of the United States is governed by 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b)(2). (ECF 4.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 4.) The Warden filed an answer (ECF 7), and the deadline has expired for Mr. Lo to file a reply.

As noted in the show cause order, the Seventh Circuit recently held that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements."[1] *Cirrus Rojas,* 183 F.4th at 915; *see also De Jesús Aguilar v. English*, No.

---

[1] A different panel of the Seventh Circuit concluded last year in ruling on a stay motion that the government was unlikely to succeed on its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). A split panel subsequently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). The First, Second, Third, Fourth, Sixth, Ninth, Tenth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Guerrero Orellana v. Moniz*, 188 F.4th 1 (1st Cir. 2026); *Buele Morocho v. Warden*, 189 F.4th 287 (3d Cir. 2026); *Lopez Garcia v. Guadian*, 190 F.4th 305 (4th Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026); *Santillan Quiroz v. Mullin,* 180 F.4th 1226 (10th Cir. 2026); *Lopez-Campos v. Raycraft,* 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden,* 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The Supreme Court recently granted certiorari in the Second Circuit case. *Rhoney v. Barbosa da Cunha*, No. 26-104, 2026 WL 2942994 (U.S. Oct. 1, 2026).

3:25-CV-898 DRL-SJF, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025); *Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). In light of this decision, the Warden concedes that Mr. Lo's detention is governed by 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). (ECF 7.) The Warden nevertheless argues that the petition should be dismissed because Mr. Lo did not exhaust his administrative remedies before filing this petition. (*Id* at 6-7.)

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

By regulation, a noncitizen may an appeal an adverse bond ruling to the BIA. *See* 8 C.F.R. §§ 1003.19(f), 1003.38, 1236.1(d)(3). The record reflects that Mr. Lo has not availed himself of that remedy. He suggests in his petition that exhaustion would be futile, but in light of the Seventh Circuit's opinion in *Cirrus Rojas*, futility is no longer reasonable to

presume. The Warden concedes that Mr. Lo is entitled to an individual custody redetermination under *Cirrus Rojas*, and principles of judicial estoppel would limit the government's ability to advance a different position before the BIA. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). Without knowing whether he can obtain relief through an administrative appeal, it would be premature to grant him habeas relief.[2] *See Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009).

The court is cognizant that the agency cannot adjudicate his Due Process claim, but a petitioner is not permitted to skip the administrative process "by simply reconstituting his claim as constitutional and claiming futility." *Gonzalez*, 355 F.3d at 1018; *see also Mojsilovic v. INS*, 156 F.3d 743, 748 (7th Cir. 1998) ("Although due process claims do not usually require exhaustion because the [BIA] cannot adjudicate constitutional issues, the requirement applies when the petitioner's claim involves procedural errors correctable by the administrative tribunal.") (citation and internal quotation marks omitted). A favorable outcome on appeal could obviate the need to reach his Due Process claim or, at a minimum, alter its factual basis. *See Z.G. v. Olson,* 834 F. Supp.3d 794, 801-02 (N.D. Ind. 2026) (Leichty, J.) (requiring exhaustion of administrative remedies in context of immigration bond determination even though petitioner raised Due Process claim, because "his entitlement to more procedure or outright release as a gloss from

---

[2] It appears that when he filed the petition, he was still within the deadline for filing an appeal of the bond determination. *See* 8 C.F.R. § 1003.38(b); *see also Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev.*, 822 F. Supp. 3d 119 (D.D.C. Mar. 8, 2026). If he has missed the deadline, there is a remedy available within the agency for seeking an untimely appeal. *Matter of Morales-Morales*, 28 I&N Dec. 714, 717 (BIA 2023) ("[T]he Board has authority to accept what are otherwise untimely appeals."). "Until he asks, [the court] cannot know whether [the agency] may yet be able to grant some relief." *Kane*, 344 F. App'x at 269.

constitutional understandings of due process may change based on how his status and individual interests change (or become moot altogether) based on administrative proceedings”). The appropriate course is to require him to exhaust his remaining remedies within the agency. If he does not obtain relief through the administrative process, he is free to file a new petition.

For these reasons, the petition (ECF 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. The clerk is DIRECTED to enter final judgment and to close this case.

SO ORDERED on November 23, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT